IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION

| | |
|---|---|
| Imani Chinda, Plaintiff § § § § § § § HSA St. Joseph LLC, Defendant | Case No. 4:24-cv-5106 |

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## PRELIMINARY STATEMENT

Plaintiff worked as a nurse at St. Joseph Medical Center in Houston, Texas which has been operate by Defendant since September 11, 2024. Plaintiff's complaint, even taken as true, omits a crucial fact that notwithstanding the erroneous paycheck issued to her on November 1, 2024, the Defendant identified and rectified the mistake and paid her and all other employees accordingly in full. Furthermore, Plaintiff's also neglects to mention her documented disruptive conduct independent of any FLSA or delayed paycheck claims in the emergency which gave grounds to place her on administrative leave.

## ARGUMENT

A Defendant's Rule 12(b)(6) motion may be granted by the Court if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Fed. R. Civ. P Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550

U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (*quoting Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (*quoting Twombly*, 550 U.S. at 555). 'Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (*quoting Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (*quoting Twombly*, 550 U.S. at 558).

"A court reviewing a motion to dismiss under Rule 12(b)(6) may consider '(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.'" *Signet Mar. Corp. v. Nykanen*, 2023 U.S. Dist. LEXIS 192167, 2023 U.S.P.Q.2D (BNA) 1290, 2023 WL 7093028 at 5 (*quoting Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019)). It follows that Defendant moving for dismissal under Rule 12(b)(6) "carries the burden of proof for dismissal." *Newton v. Bank of Am., N.A.,* No. CV SA-19-CA-797-FB, 2019 U.S. Dist. LEXIS 199471, 2019 WL 6048000, at *2 (W.D. Tex. Aug. 29, 2019).

**Plaintiff fails to sufficiently plead facts demonstrating that Defendants even had a reason to retaliate against Plaintiff to a degree entitling her to relief.**

To prove that a defendant's conduct constitutes retaliation, a plaintiff must prove: "(1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *See Potter v. Cardinal Health* 200, LLC, 381 F. Supp.

2

3d 729, 738-739, 2019 U.S. Dist. LEXIS 81765, *17-19, 2019 WL 2119998 *quoting Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 624 (5th Cir. 2008). In the Fifth Circuit, courts have held "an informal, internal complaint to constitute protected activity under Section 215(a)(3), because it better captures the anti-retaliation goals of that section." *Id.* at 626. "In order for an employee's communication to constitute a 'complaint,' the 'employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation' and the 'complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection.'" *Lasater v. Tex. A&M Univ.-Commerce*, 495 F. App'x 458, 461 (5th Cir. 2012) (*quoting Kasten v. Saint—Gobain Performance Plastics Corp.*, 563 U.S. 1, 13-14, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011)). "[T]he essence of the [complaint] inquiry . . . is whether [the employee] stepped out of his [employed] [**19] role . . . either to complain to his employer in behalf of [others], or in his own behalf, about a supposed violation or irregularity under or related to the FLSA." *See Hagan*, 529 F.3d at 629.

What the Fifth Circuit has not yet decided is whether a good faith belief is required for an FLSA complaint. *Id.* at 630 (declining to address whether an employee's good faith belief may give rise to protected activity, even when there is no actual FLSA violation). In this case, while the Plaintiff was not required to do her "homework" to ensure Defendant employer violated the FLSA, she knew first hand that her paycheck shortfall was a result of a computer error which was immediately corrected and thus not subject to any state or federal violation.

Finally, Plaintiff fails to allege any facts supporting her prayer for relief for mental anguish with no allegation that she suffered from severe emotional distress. Plaintiff only superficially alleges, "is entitled to past and future lost wages, plus treble (mental anguish) damages, and attorneys' fees and costs." Compl. at ¶ 39. Such alleged hardship does not amount to the degree of severity she is required to show

to recover for mental anguish, also known as emotional distress, under the FLSA. *Pineda v. JTCH Apartments, L.L.C.*, 843 F.3d 1062 (5th Cir. 2016). Therefore, Plaintiff fails to sufficiently plead facts that would entitle her to this or any of the relief sought under her claim.

In sum, Plaintiff fails to offer facts demonstrating that she had a good faith claim that Defendants feared a FLSA violation and had any incentive to retaliate against her for that reason or create a pretext otherwise. Defendants placed her on administrative leave and did not renew her contract independent of any fear of FLSA violations.

## CONCLUSION

Plaintiff's claim against Defendant should be dismissed in its entirety, not only because Defendant cannot demonstrate any violation of the FLSA but also Plaintiff fails to plead facts demonstrating that he suffers a particularized injury and that Defendant's conduct caused his alleged injuries. Therefore, Plaintiff is not entitled to an entry of a Judgment in her favor, an award of compensatory damages, attorneys' fees, nor pre- or post-judgment litigation costs. Defendant HSA St. Jospeh respectfully asks this Court to dismiss Plaintiff's claim with prejudice and includes the attached proposed Order.

DATED: FEBRUARY 7, 2025  
HOUSTON, TEXAS              /s/     Asim Ghafoor  
                            Asim Ghafoor (SDTX Bar #1384109)  
                            HSA Regional Counsel  
                            1401 St. Joseph Parkway  
                            Houston, TX 77002  
                            (202) 330 1469  
                            aghafoor@hsahospitals.com  
                            ATTORNEY FOR DEFENDANT  
                            HSA ST. JOSEPH LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2025, a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

    /s/ Asim Ghafoor
Asim Ghafoor