UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**IMANI CHINDA**,
Plaintiff,
v.                                                             Civil Action No. 4:24-cv-5106

**HSA ST. JOSEPH LLC**,
Defendant.

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AN COUNTERCLAIMS

COMES NOW Defendant **HSA St. Joseph LLC** ("Defendant"), by and through undersigned counsel, and files its Answer to Plaintiff **Imani Chinda's** Original Complaint as follows:

PARTIES, JURISDICTION, AND VENUE

1. In the thick of a controversial bankruptcy proceeding, in October 2024, Steward Health Care sold St. Joseph Medical Center to Healthcare System of America (HSA).

    Defendant admits the allegations in Paragraph 1.

2. During this transition period, on November 1, 2024, dozens of St. Joseph healthcare workers-including Imani Chinda- did not receive their paychecks, in violation of the Fair Labor Standards Act's minimum wage provisions.

    Defendant denies that these delays constituted a violation of the FLSA's minimum wage provisions.

3. Chinda formally complained about St. Joseph's violations internally and with the Texas Workforce Commission.

    Defendant admits the allegations in Paragraph 3.

4. Because Chinda complained about St. Joseph's failure to pay its healthcare workers minimum wages, St. Joseph placed Chinda on administrative leave indefinitely.

    Defendant denies the allegations in Paragraph 4.

5. Chinda brings this lawsuit against St. Joseph for unlawfully retaliating against her in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

    Defendant admits that Plaintiff brings this lawsuit under the cited statute but denies that it engaged in any unlawful retaliation.

6. Chinda brings this action to recover compensatory damages, lost wages, and reasonable attorney's fees and costs.

    Defendant admits that Plaintiff seeks the relief stated but denies that she is entitled to any such relief.

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

    Defendant admits the allegations in Paragraph 7.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

    Defendant admits the allegations in Paragraph 8.

<h2 style="text-align:center">FACTUAL ALLEGATIONS</h2>

9. St. Joseph conducts substantial business operations in this District and Division.

    Defendant admits the allegations in Paragraph 9.

10. Chinda worked for St. Joseph in this District and Division.

    Defendant admits the allegations in Paragraph 10.

11. Imani Chinda (Chinda) worked for St. Joseph as an RN from approximately February 2024 to Present.

Defendant admits the allegations in Paragraph 11.

12. Chinda was, at all relevant times, an employee of St. Joseph, from approximately February 2024 until Present.

Defendant admits the allegations in Paragraph 12.

13. HSA St. Joseph LLC (St. Joseph) is a domestic corporation.

Defendant admits the allegations in Paragraph 13.

14. St. Joseph can be served via its registered agent, Registered Agents Inc, 5900 Balcones Drive, Ste. 100, Austin, TX 78731.

Defendant admits the allegations in Paragraph 14.

15. At all times hereinafter mentioned, St. Joseph has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

Defendant admits the allegations in Paragraph 15.

16. At all times hereinafter mentioned, St. Joseph has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

Defendant admits the allegations in Paragraph 16.

17. At all times hereinafter mentioned, St. Joseph has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

Defendant admits the allegations in Paragraph 17.

18. St. Joseph has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as oilfield equipment, hand tools, computers, automobiles, and cell phones.

Defendant admits the allegations in Paragraph 18.

19. St. Joseph's annual gross volume of sales made or business done has exceeded $1,000,000.00 in each of the past three years.

Defendant admits the allegations in Paragraph 19.

20. At all relevant times hereinafter mentioned, Chinda was engaged in commerce or in the production of goods for commerce.

Defendant admits the allegations in Paragraph 20.

21. St. Joseph is a hospital located in downtown Houston, Texas.

Defendant admits the allegations in Paragraph 21.

22. Chinda worked for St. Joseph as an RN from approximately February 2024 to Present.

Defendant admits the allegations in Paragraph 22.

23. St Joseph classified Chinda as non-exempt and paid her hourly.

Defendant admits the allegations in Paragraph 23.

24. On November 1, 2024, St. Joseph failed to pay Chinda for the prior pay period.

Defendant admits that there was a delay in payroll for the referenced period but denies that Chinda was not paid for work performed.

25. On November 1, 2024, St. Joseph failed to pay dozens of other healthcare workers their paychecks for the prior pay period.

Defendant admits the allegations in Paragraph 25.

26. St. Joseph's failure to pay Chinda her paycheck constitutes a violation of the FLSA's minimum wage provisions.

Defendant denies the allegations in Paragraph 26.

RETALIATION ALLEGATIONS

27. On or about November 2, 2024, Chinda complained about St. Joseph's minimum wage FLSA violations to the St. Joseph Director.

    Defendant admits the allegations in Paragraph 27.

28. On or about November 2, 2024, Chinda complained about St. Joseph's minimum wage FLSA violations to the St. Joseph Interim Manager.

    Defendant admits the allegations in Paragraph 28.

29. On or about November 2, 2024, Chinda complained about St. Joseph's minimum wage FLSA violations to the Texas Workforce Commission.

    Defendant admits the allegations in Paragraph 29.

30. St. Joseph's Director and/or Interim Manager was aware that Chinda complained about St. Joseph's minimum wage FLSA violations to the Texas Workforce Commission.

    Defendant admits the allegations in Paragraph 30.

31. St. Joseph placed Chinda on administrative leave.

    Defendant admits that Chinda was placed on administrative leave but denies that it was for retaliatory or unlawful reasons.

32. Chinda's Director and/or Interim Manager told Chinda that she was placed on administrative leave because of her complaints regarding St. Joseph's minimum wage FLSA violations.

    Defendant denies the allegations in Paragraph 32.

33. After Chinda complained about St. Joseph's minimum wage FLSA violations, St. Joseph made untimely payments to Chinda and her coworkers for the missed payroll.

    Defendant admits the allegations in Paragraph 33.

34. However, Chinda remains on administrative leave because she spoke out about her right to minimum wage under the FLSA.

    Defendant denies the allegations in Paragraph 34.

35. Chinda complained of St. Joseph's minimum wage FLSA violations.

    Defendant admits the allegations in Paragraph 35.

36. Chinda complained of St. Joseph's minimum wage FLSA violations to the St. Joseph Director.

    Defendant admits the allegations in Paragraph 36.

37. Chinda complained of St. Joseph's minimum wage FLSA violations to the St. Joseph Interim Manager.

    Defendant admits the allegations in Paragraph 37.

38. Chinda complained of St. Joseph's minimum wage FLSA violations to the Texas Workforce Commission.

    Defendant admits the allegations in Paragraph 38.

39. The St. Joseph Director and/or Interim Manager was aware that Chinda complained of St. Joseph's minimum wage FLSA violations to the Texas Workforce Commission.

    Defendant admits the allegations in Paragraph 39.

40. St. Joseph placed Chinda on administrative leave indefinitely because Chinda complained about St. Joseph's FLSA violations to the St. Joseph Director and/or St. Joseph Interim Manager and/or Texas Workforce Commission.

    Defendant denies the allegations in Paragraph 40.

                              DAMAGES

41. As a result of St. Joseph's unlawful retaliation against Chinda, specifically placing her on administrative leave, Chinda has suffered damages, including but not limited to loss of employment, loss of past and future pay, and loss of past and future earning capacity.

    Defendant denies the allegations in Paragraph 41.

42. St. Joseph's retaliatory actions against Chinda for her protected conduct were wanton and malicious and in willful derogation of Chinda's protected rights under the FLSA.

    Defendant denies the allegations in Paragraph 42.

43. Accordingly, Chinda is entitled to past and future lost wages, plus treble (mental anguish) damages, and attorneys' fees and costs.

    Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 43.

## JURY DEMAND

44. Chinda hereby demands a trial by jury.

    Defendant admits that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Plaintiff's claims are barred, in whole or in part, by the fact she was overpaid in her last pay period.

### Third Affirmative Defense

3. Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

### Fourth Affirmative Defense

4. At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

## Fifth Affirmative Defense

5. Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

## Sixth Affirmative Defense

6. In the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff's time sheets were incorrectly calculated.

## Seventh Affirmative Defense

7. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

## Eighth Affirmative Defense

8. Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff herself reported her time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

## Ninth Affirmative Defense

9. Without assuming the burden of proof, Defendant complied with all recordkeeping requirements of the FLSA.

## Tenth Affirmative Defense

10. The Plaintiff's claims are estopped by the submission of her own time records, for which Defendant compensated her for all overtime worked and claimed.

## Eleventh Affirmative Defense

11. Plaintiff has failed to mitigate their alleged damages.

Twelfth Affirmative Defense

12. Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or over payment.

Thirteenth Affirmative Defense

13. Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

Fourteenth Affirmative Defense

14. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

Fifteenth Affirmative Defense

15. All actions taken by Defendant with respect to Plaintiff were supported by legitimate business reasons.

COUNTERCLAIMS

COUNT ONE: DEFAMATION (Texas Common Law)

1. St. Joseph re-alleges the foregoing paragraphs as if fully set forth herein.

2. Chinda published false statements of fact to third parties, including government agencies, implying that St. Joseph intentionally and unlawfully withheld wages from employees.

3. These statements were false, made negligently or with actual malice, and caused harm to St. Joseph's reputation.

4. As a result, St. Joseph suffered injury including reputational damage, increased regulatory scrutiny, and disruption to operations.

COUNT TWO: BUSINESS DISPARAGEMENT (Texas Common Law)

15. Chinda's false statements about wage theft and St. Joseph's employment practices were intended to and did dissuade patients, job applicants, and partners from engaging with the hospital.

16. Chinda knew the statements were false or acted with reckless disregard for the truth.

17. St. Joseph is entitled to general and special damages, including loss of business opportunities and expenses incurred to mitigate the damage.

COUNT THREE: ABUSE OF PROCESS (Texas Common Law)

18. Chinda misused legal process by filing or threatening to file complaints with the Texas Workforce Commission and federal authorities not for legitimate legal redress, but to harass, embarrass, and pressure St. Joseph into an unjustified settlement or retaliation claim.

19. Her purpose was outside the proper scope of process and constitutes actionable abuse under Texas law.

COUNT FOUR: FRAUDULENT MISREPRESENTATION / OMISSION

20. To the extent Chinda accepted payment post-complaint and failed to disclose it in later public or agency statements, she intentionally omitted material facts, thereby continuing to mislead authorities and harm the hospital.

21. These misrepresentations harmed St. Joseph's standing and constitute a separate actionable offense under Texas common law.

V. DAMAGES

22. St. Joseph seeks damages including, but not limited to:

- Actual damages (economic loss, reputational harm)
- Special damages for business loss and increased compliance/legal costs

- Punitive damages due to actual malice

- Attorneys' fees and costs under Texas Civil Practice & Remedies Code § 38.001

## VI. PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendant HSA St. Joseph LLC respectfully prays that this Court:

- Enter judgment in its favor;

- Award actual, consequential, and punitive damages against Imani Chinda;

- Award reasonable attorneys' fees and costs;

- Grant such other relief as the Court deems just and proper.

DATED: MAY 27, 2025                           RESPECTFULLY SUBMITTED,

HOUSTON, TEXAS

/s/     *Asim Ghafoor*
Asim Ghafoor (SDTX Bar #1384109)
Healthcare Systems of America, Regional Counsel
1401 St. Joseph Parkway
Houston, TX 77002
(202) 330 1469
aghafoor@hsahospitals.com
ATTORNEY FOR DEFENDANT
HSA ST. JOSEPH LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on May 27, 2025, a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Asim Ghafoor*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 Asim Ghafoor
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 Counsel for Defendant