# Exhibit 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IMANI CHINDA, | Case No. 4:24-cv-5106 |
| v. | |
| HSA ST. JOSEPH LLC. | |

## PLAINTIFF IMANI CHINDA'S SECOND SET OF DISCOVERY TO DEFENDANT HSA ST. JOSEPH LLC

Propounding Party:   Plaintiff Imani Chinda

Responding Party:    Defendant HSA St. Joseph LLC

Discovery Requests:  Interrogatories, Requests for Production, and Requests for Admission

Set No.:             Two

Plaintiff Imani Chinda (Chinda) serves upon you this written discovery. Pursuant to the Federal Rules of Civil Procedure, you are required to answer these discovery requests within thirty (30) days of service.

These discovery requests are continuing in nature and must be supplemented as required by Federal Rule of Civil Procedure 26(e).

Discovery that is withheld on the basis of privilege or for any other claimed protection must be described in a privilege log. FED. R. CIV. P. 26(b)(5).

                Respectfully Submitted,

                By:   */s/ Carl A. Fitz*
                      **Carl A. Fitz**
                      Tex. Bar No. 24105863
                **FITZ LAW PLLC**
                3730 Kirby Drive, Ste. 1200
                Houston, Texas 77098
                Tel.: (713) 766-4000
                carl@fitz.legal
                **Attorney for Plaintiff**

2

## CERTIFICATE OF SERVICE

      I certify that on July 22, 2025, this document was sent for service to Counsel for Defendant, pursuant to the Federal Rules of Civil Procedure. This document was sent to Counsel for Defendant via CMRRR:

Asim Ghafoor
Healthcare Systems of America, Regional Counsel
1401 St. Joseph Parkway
Houston, Texas 77002

                                                          */s/ Carl A. Fitz*
                                                          Carl A. Fitz

# DEFINITIONS

1. "YOU" or "YOUR" or "DEFENDANT" or "HSA" refers to Defendant HSA St. Joseph LLC, and shall include: HSA St. Joseph LLC; HSA St. Joseph LLC's agents, employees, clients, customers, vendors, insurance companies (along with their agents and employees), attorneys, accountants, investigators; and anyone else acting on YOUR behalf.

2. "PLAINTIFF" refers to Imani Chinda.

3. "RELEVANT TIME PERIOD"—unless specified otherwise—refers to the period beginning December 30, 2014, and continuing through the present.

4. "FLSA LIMITATIONS PERIOD" refers to the period beginning December 30, 2021, and continuing through the present.

5. "DOCUMENT" means a writing, recording, or photograph, as defined by Federal Rule of Evidence 1001. DOCUMENT is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

    "DOCUMENT" includes, but is not limited to any: note, memorandum, correspondence, contract, or agreement; pamphlet or manual computer printout; computer tape; tape recording; photograph, photographic negative, or transparency; movie film; videotape recording; and every writing, printed, or other graphic material of any kind whatsoever.

6. "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

7. "FLSA" means the Fair Labor Standards Act.

8. "IDENTIFY" or "IDENTITY" when referring:

    a. to a PERSON, means to state a present or last known address, telephone number, title, or position and place of employment, and, if previously or presently employed by you, the date he or she was hired, and the date he or she was terminated, if applicable; and

    b. to a DOCUMENT means, if a legible copy of the DOCUMENT is not provided with your answer, to provide a complete description of the DOCUMENT referred to, including its title (if it has one), the date it was prepared, and the name of the person who prepared it, and to IDENTIFY the PERSON who has custody of, control over, or access to, it.

9. When an interrogatory calls upon a party to "STATE THE BASIS" of or for a particular claim, assertion, allegation, or contention, the party shall:

    a. IDENTIFY each and every DOCUMENT (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the

        interrogatory;

        b.  IDENTIFY each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

        c.  state separately the acts or omissions to act on the part of any PERSON (IDENTIFY the acts or omissions to act by stating their nature, time, and place and IDENTIFY the PERSON(S) involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

        d.  state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

10.   The following rules of construction apply to all discovery requests:

        a.  The terms "all" and "each" shall be construed as all and each. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

        b.  The use of the singular form of any word includes the plural and vice versa.

11.   Any DOCUMENTS, communications or tangible things withheld on the basis of privilege (or other claimed protection) must be described in a privilege log as required by Federal Rule of Civil Procedure 26(b).

12.   These Discovery Requests are continuing in nature and must be supplemented as required by Federal Rule of Civil Procedure 26(e).

**REQUESTS FOR ADMISSION**

1. YOU do not have a written policy for processing complaints of failure to pay minimum wage.

2. YOU do not have a written policy for processing complaints of failure to pay wages.

3. YOUR written policy for processing complaints of failure to pay minimum wage is not in your possession, custody, or control.

4. YOUR written policy for processing complaints of failure to pay wages is not in your possession, custody, or control.

5. YOU do not have any documents reflecting the decision to place PLAINTIFF on administrative leave.

6. PLAINTIFF did not violate a written policy when she engaged in alleged "disruptive conduct" in the Family Birthing Center.

7. The written policy YOU allege PLAINTIFF violated is not in your possession, custody, or control.

8. YOU do not have a written policy for placing YOUR nurses on administrative leave.

9. The written policy YOU relied on when deciding to place PLAINTIFF on administrative leave is not in your possession, custody, or control.

10. YOU do not have written documentation reflecting PLAINTIFF's complaint regarding YOUR failure to timely pay her minimum wages.