## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IMANI CHINDA,

v.

HSA ST. JOSEPH LLC.

Case No. 4:24-cv-5106

## CHINDA'S MOTION TO STRIKE
## ST. JOSEPH'S SUMMARY JUDGMENT EVIDENCE

### I.    INTRODUCTION AND SUMMARY

St. Joseph claims Chinda's alleged disruptive behavior in its Family Birthing Center was a legitimate, nondiscriminatory reason for her termination.[1] In support of this allegation, St. Joseph relies on an accusation "Lisa" verbally told Emily Manning, which was then e-mailed to the deponent, Lori Tolopka, Director of Women's Services.[2] Defendant's hearsay evidence cannot be considered at the summary judgment stage and should be stricken from the record.[3]

St. Joseph also argues that it paid Chinda for the workweek where she was not paid, and in fact, overpaid Chinda.[4] In support of this claim, St. Joseph submits a spreadsheet purporting to be a "timesheet reconciliation."[5] This spreadsheet is likewise inadmissible hearsay that should be stricken.

---

[1] Doc. 26 at *14-15.
[2] *Id.*
[3] *See* FED. R. EVID. 801(c), 802.
[4] Doc. 26 at *9-10.
[5] *Id.* (citing Doc. 26-1 at *79).

Finally, in its response, St. Joseph generally submits the entirety of its document production in discovery, and cites to numerous e-mails.[6] These e-mails are not presented in an admissible form, and should be stricken.

## II.    LEGAL STANDARD

In the Fifth Circuit, it is well settled that "the admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial." *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 285 (5th Cir. 2004) (quoting *Resolution Trust Corp. v. Starkey,* 41 F.3d 1018, 1024 (5th Cir. 1995)); *see also* Fed. R. Civ. P. §§ 56(c)(4). "When considering whether to grant summary judgment, the Court cannot consider evidence that would be inadmissible at trial, such as affidavits or declarations founded on hearsay or outside the personal knowledge of the declarant or irrelevant evidence or unauthenticated documents." *Nucor Corp. v. Requenez,* 578 F.Supp.3d 873, 904-05 (S.D. Tex. 2022) (citing *Paz v. Brush Engineered Materials, Inc.,* 555 F.3d 383, 387–88 (5th Cir. 2009) (quotation omitted) ("The admissibility of evidence is governed by the same rules, whether at trial or on summary judgment.").

An opposing litigant may timely move to strike (or simply object to) an affidavit, declaration, or exhibit that does not measure up to the requisite standards. *Nucor Corp.,* 578 F.Supp.3d at 904 (citing *Auto Drive-Away Co. of Hialeah v. Interstate Com. Comm'n,* 360 F.2d 446, 448–49 (5th Cir. 1966); *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.,* 671 F.3d

---

[6] *See* Doc. 26 at *10 (citing RFP2-030), Doc. 26-2 at *30; Doc. 26-1 at *69 (document purporting to contain an e-mail from Tracy Gonzalez which does not evidence the recipient of the e-mail); Doc. 26-2 at *45 (document purporting to contain an e-mail from an individual named Odalys without recipient identified); Doc. 26 at *10-11 (citing RFP2-014), Doc. 26-2 at *14.

512, 515 (5th Cir. 2012) (per curiam) (holding that a litigant may simply object to material it argues is inadmissible)).

Federal Rule of Evidence 901(a) states, "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Not all discoverable material is admissible. *Railroad Management Co., LLC v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 221 (5th Cir. 2005). That a document was produced in discovery by the opposing party, alone, is not conclusive as to its authenticity. *Elwakin v. Target Media Partners Operating Co., LLC*, 901 F. Supp. 2d 730, 742 (E.D. La. 2012) (citing *Railroad Management*, 428 F.3d at 219-20).

## II.   ISSUES PRESENTED

1.   Should this Court strike St. Joseph's evidence in support of its allegation that Chinda engaged in alleged disruptive conduct in the Family Birthing Center as inadmissible hearsay?

2.   Should this Court strike St. Joseph's spreadsheet reflecting Chinda's purported overpayment as inadmissible hearsay?

3.   Should this Court strike St. Joseph's unauthenticated e-mail exhibits?

## III.   ARGUMENT

### 1.   St. Joseph's hearsay evidence of Chinda's purported disruptive conduct in the Family Birthing Center should be stricken.

#### a.   The e-mail exchange between Lori Tolopka and Emily Manning is inadmissible hearsay.

To support its assertion that Chinda engaged in disruptive conduct in the Family Birthing Center, St. Joseph relies on an e-mail exchange between Lori Tolopka and Emily Manning, and the deposition testimony of its Corporate Representative, Jaime Malveaux. Both

the e-mail exchange and the Corporate Representative testimony are inadmissible hearsay that cannot be considered in opposition to summary judgment.

First, St. Joseph relies on an e-mail exchange between Lori Tolopka and Emily Manning in support of its allegation that Chinda was terminated for a legitimate, non-discriminatory reason.[7] This e-mail exchange confirms that Ms. Chinda's purportedly disruptive conduct in the Family Birthing Center was communicated from Lisa to Emily Manning, who in turn told Lori Tolopka:

> **From:** Tolopka, Lori R. <Lori.Tolopka@steward.org>
> **Sent:** Tuesday, November 5, 2024 10:24 AM
> **To:** Manning, Emily <Emily.Manning@steward.org>
> **Subject:** Documentation
>
> Emily, can you or Lisa send me an email regarding Imani yelling at her? Also, can you send me an email stating that you are not comfortable with her returning. I just need some documentation for HR. Also this will not be shared with her, it's confidential. Thanks 😊
>
> Sincerely,
> **Lori R. Tolopka, BSN, RN**
> Director of Women's Services
> St. Joseph Medical Center
> 1401 St. Joseph Parkway | Houston, TX 77002
> **O** 713-756-7567 | **F** 713-356-7966
> E lori.tolopka@steward.org
>
> St JOSEPH
> MEDICAL CENTER

Doc. 26-2 at *3. Importantly, Ms. Tolopka request an e-mail regarding Chinda yelling "at her," which contextually must refer to Lisa, as the e-mail is directed to Manning. Neither Tolopka nor Manning were physically present for the purported incident. Therefore, Manning's re-telling of the incident to Tolopka in the e-mail exchange is an out of court statement offered to prove the truth of the matter asserted—namely, that Chinda engaged in disruptive conduct.

---

[7] Doc. 26 at *14 (citing Defendant's Exhibit 2 at RFP2-002 to RFP2-003).

Ms. Tolopka's own deposition testimony confirms that the entirety of St. Joseph's purported non-discriminatory reason for terminating Chinda relies on hearsay evidence communicated from Lisa to Ms. Manning, and then Ms. Manning to Ms. Tolopka:

**Q. You didn't hear anything that Ms. Chinda said, right?**

**A. No.** That was between her and another employee -- employee or employees if I can remember correctly, but no, I was not there.

Q. What do you remember hearing about what happened with Ms. Chinda in the family birthing center?

A. Again, I can't remember everything. I think that she was maybe being ugly to the charge nurse maybe and her staff members, but I can't – I don't -- I cannot fully remember exactly what took place.

**Q. Do you remember who told you about this?**

**A. It was Emily who's the -- who was the interim manager at the time** and I believe the charge nurse and honestly I can't -- **I can't even remember the charge nurse's name** because it's been a year ago and there's multiple -- multiple people that I work with, so **maybe Lisa or something**. I can't remember the charge nurse's name.

Q. Are you referring to Emily Manning?

A. **Emily was the interim manager**, but it – I don't -- I mean this didn't happen with her. **This actually happened with another nurse on the unit**, but I can't remember the other nurse's name who was involved.

**Q. So it's your understanding that Emily Manning was not present in the family birthing center when the incident with Chinda occurred, right**?

A. I can't speak to that because I don't know if she heard it or was there or not. I can't-- I can't speak to that, and I can't remember. Don't-- **this didn't happen with her.**

Doc. 26-3 at 27:1 – 28:9 (emphasis added).

> **b. St. Joseph's Corporate Representative deposition testimony regarding the Family Birthing Center incident is likewise inadmissible hearsay.**

St. Joseph also cites its Corporate Representative's deposition testimony as evidence of Chinda's purported misconduct in the Family Birthing Center.[8] The Corporate Representative's deposition testimony does not overcome Chinda's hearsay objection. In support of her claim that Chinda engaged in misconduct in the Family Birthing Center, the deponent relies on an interrogatory answer verified by St. Joseph's attorney (*Id.* at 34:18-22), assertions without evidence (*Id.* at 75:1-2), the hearsay e-mail described above (*Id.* at 101:6-23) ("A. Outside of the email that Emily sent, no."). St. Joseph's Corporate Representative saying that it knows Chinda engaged in misconduct in the Family Birthing Center because, "it says so," is not enough to defeat summary judgment.[9]

> **c. St. Joseph's hearsay evidence should be stricken.**

Inadmissible hearsay is not properly considered in ruling on a motion for summary judgment.[10] "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'"[11] Under the Federal Rules of Evidence, hearsay is not admissible unless an exception applies.[12]

---

[8] *See* Doc. 26 at *14-17 (citing Doc. 24-1 at 34:18-22, 75:1-2, 101:4-8, 105:1-3).

[9] *See Hugh Symons Grp. v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Celotex*, 477 U.S. at 324) ("Unsubstantiated assertions are not competent summary judgment evidence.").

[10] *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 511 n.5 (5th Cir. 2001) ("Because these statements are hearsay, they are not competent summary judgment evidence.") (citation omitted); *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997) (explaining that proffered statement was inadmissible hearsay and, thus, was not competent summary judgment evidence) (citation omitted).

[11] *United States v. El-Mezain*, 664 F.3d 467, 494–95 (5th Cir. 2011) (quoting Fed. R. Evid. 801(c)).

[12] *See* Fed. R. Evid. 802; *Goodwin*, 132 F.3d at 186.

Accordingly, unless an exception is applicable, hearsay "counts for nothing" on summary judgment.[13]

While it is true that credibility determinations cannot be made at the summary judgment stage, the court need not make a credibility determination to make an evidentiary ruling regarding St. Joseph's Corporate Representative's deposition testimony.[14] A witness, however, may not "rely on inadmissible hearsay as a substitute for his own knowledge."[15] This analysis does not change as a result of the *McDonnell-Douglas* framework in retaliation cases. In the Title VII context, it is appropriate to strike evidence of proffered legitimate non-discriminatory reasons when they rely on inadmissible hearsay.[16] This Court should do the same.

---

[13] *Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (citation omitted).

[14] *See Gauck v. Meleski*, 346 F.2d 433, 436 (5th Cir. 1965) (explaining that a court may "assess the evidence presented upon the motion for summary judgment to determine its admissibility"); *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 53 F. Supp. 3d 191, 201 (D.D.C. 2014), *aff'd*, 843 F.3d 958 (D.C. Cir. 2016) ("[I]t is proper for the Court to rule on the admissibility of hearsay evidence in the context of a motion for summary judgment and to grant the motion if it finds that Plaintiff's proffered evidence consists only of inadmissible hearsay.").

[15] *El-Mezain*, 664 F.3d at 495 ("Rule 602 prevents a witness from testifying about a hearsay statement upon which he has no personal knowledge.") (citing *Quezada*, 754 F.2d at 1195). *See El-Mezain*, 664 F.3d at 495 (explaining that if a witness was merely repeating what someone had told him, "it would be hearsay and inadmissible") (citations omitted); *In re Grandote Country Club Co. Ltd.*, 252 F.3d 1146, 1153 (10th Cir. 2001) (explaining that the plaintiff cannot oppose summary judgment based on his own testimony when his personal knowledge was based on another person's inadmissible hearsay statement); *Caulfield v. Kathryn Rae Towing*, Civ. A. No. 88-5329, 1989 WL 121586, at *3 (E.D. La. June 6, 1989) (explaining that plaintiff was "not competent to testify about another person's ... knowledge; he can only testify from personal knowledge") (citation omitted).

[16] *See Khoja v. Just Energy (U.S.) Corp.*, No. 4:16-cv-03468, 2018 WL 11473329, at *9 (S.D. Tex. Dec. 7, 2018) (striking hearsay evidence to support an assertion of a legitimate non-discriminatory reason for termination at the summary judgment stage).

2.    **St. Joseph's spreadsheet evidencing Chinda's purported overpayment is inadmissible hearsay.**

St. Joseph asserts that Chinda was subsequently paid her minimum wage, and ultimately overpaid above and beyond her compensable hours worked. Doc. 26 at *9-10 (citing Doc. 26-1 at *79). Because St. Joseph relies on this spreadsheet for the truth of its contents—including Chinda's hours worked, Chinda's compensation, Chinda's clock-in and clock-out records, and whether Chinda was overpaid—the testimony is inadmissible hearsay.[17]

3.    **St. Joseph's e-mail document production is generally inadmissible.**

In response to Chinda's Motion for Summary Judgment, St. Joseph attached the entirety of its document production, without regard to whether said documents are pertinent to the summary judgment record.[18] But "[s]imply attaching a document to a pleading does not make the document admissible as evidence, dispense with proper foundational evidentiary requirements, or relieve a litigant of complying with other admissibility requirements."[19]

St. Joseph does not attempt to submit these e-mails in an admissible form, whether via business records affidavit or otherwise. And even if St. Joseph did submit such an affidavit, the admissibility of these e-mails is a "mixed bag" at best. The e-mail exhibits feature e-mails

---

[17] *See Boltex Mfg. Co., L.P. v. Galperti, Inc.*, No. 19-20440, 827 Fed. Appx. 401, 408 n.5 (5th Cir. Sept. 11, 2020) (testimony about customer reports was inadmissible hearsay because there was "no indication ... that [plaintiffs] produced these customer reports, an affidavit attesting to their existence or authenticity, or otherwise show[ed] that [the] testimony satisfie[d] any of the requirements for business records.").

[18] *See generally* Doc. 26-1, Doc. 26-2.

[19] *Velazquez v. Village Farms L.P.*, No. EP-19-CV-258-PRM, 2020 WL 905540, at *4 (W.D. Tex. Feb. 25, 2020) (quoting *In Estate of Guerrero*, 465 S.W.3d 693, 704 (Tex. App. 2015))).

that do not evidence a recipient,[20] e-mails that are in an incomprehensible format,[21] and Microsoft Teams meetings devoid of context.[22] These e-mails are not in an admissible form, and should be stricken from the record.[23]

St. Joseph has offered no evidence, via affidavit testimony or otherwise, to authenticate these e-mails. Without any sworn testimony that the documents are what they claim to be, there is no evidence on the summary judgment record that serves to authenticate the document in accordance with Rule 901.[24]

Even if the Court were to entertain an argument that the documents are admissible as business records, the evidence must comply with Federal Rule of Evidence 902(11), which sets forth the requirements for self-authentication of a business record. Rule 902(11) states, "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to" business records that "would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person" that the record: (A) was

---

[20] *See, e.g.,* Doc. 26-1 at *69 (document purporting to contain an e-mail from Tracy Gonzalez which does not evidence the recipient of the e-mail); *see also* Doc. 26-2 at *45 (document purporting to contain an e-mail from an individual named Odalys without recipient identified).
[21] *See* Doc. 26 at *10 (citing RFP2-030), Doc. 26-2 at *30.
[22] *See* Doc. 26 at *10-11 (citing RFP2-014), Doc. 26-2 at *14.
[23] *See Atrium Companies, Inc. v. ESR Associates, Inc.,* Civ. A. No. H-11-1288, 2012 WL 5355754, at *6 (S.D. Tex. Oct. 29, 2012) ("Ordinarily, a party that seeks to introduce an email made by an employee about a business matter under [the business records hearsay exception in Rule 803(6)] must show that the employer imposed a business duty to make and maintain such a record.") (citing *Cantxx Gas Storage, Ltd. v. Silverhawk Capital Partners, LLC,* Civ. A. No. H-06-1330, 2008 WL 1999234, at *12 (S.D. Tex. May 8, 2008) ("Courts examine whether it was the business duty of an employee to make and maintain emails as part of his job duties and whether the employee routinely sent or received and maintained the emails.")).
[24] FED. R. EVID. 901; see *R.R. Mgmt. Co., LLC v. CFS Louisiana Midstream Co.,* 428 F.3d 214, 219-20 (5th Cir. 2005); *see also Carmona v. Toledo,* 215 F.3d 124, 131 (1st Cir. 2000) ("To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).").

made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) was kept in the course of the regularly conducted activity; and (C) was made by the regularly conducted activity as a regular practice.[25] Here, even if St. Joseph were to argue that the documents are self-authenticating as business records, St. Joseph offers no written declaration or certification of the above elements as required by Rule 902(11).[26]

## IV.    CONCLUSION

This Court should grant Chinda's Motion to Strike. Specifically, this Court should strike St. Joseph's evidence of Chinda's purported misconduct in the Family Birthing Center (including the e-mail exchange between Tolopka and Manning), St. Joseph's spreadsheet purporting to evidence Chinda's overpayments, and the e-mail exhibits attached to St. Joseph's opposition to Chinda's Motion for Summary Judgment.

Date: December 3, 2025.                    Respectfully submitted,

                                           By: */s/ Carl A. Fitz*
                                               **Carl A. Fitz**
                                               Tex. Bar No. 24105863
                                           **FITZ LAW PLLC**
                                           3730 Kirby Drive, Ste. 1200
                                           Houston, Texas 77098
                                           (713) 766-4000
                                           carl@fitz.legal

                                           **ATTORNEY FOR CHINDA**

---

[25] FED. R. EVID. 902(11); *see U.S. v. Thomas*, No. 04-4001, 2005 WL 963820, at *5 (4th Cir. 2005).
[26] Fed. R. Evid. 902(11); Fed R Evid. 803(6).

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on the 3rd of December 2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*/s/ Carl A. Fitz*
**Carl A. Fitz**

## CERTIFICATE OF CONFERENCE

On December 2, 2025, I conferred with Defendant's counsel regarding the relief presently requested, including with Defendant's counsel Asim Ghafoor via telephone. Defendant is opposed to the relief presently requested.

*/s/ Carl A. Fitz*
**Carl A. Fitz**