UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IMANI CHINDA, | Case No. 4:24-cv-5106 |
| v. | |
| HSA ST. JOSEPH LLC. | |

CHINDA'S RESPONSE TO MOTION FOR
LEAVE TO FILE SUPPLEMENTAL EXHIBITS

I. INTRODUCTION AND SUMMARY

In its opposition to Chinda's Motion for Summary Judgment, St. Joseph relies on inadmissible hearsay evidence and unauthenticated e-mails. Doc. 28. St. Joseph now seeks leave to file a Business Records Affidavit to cure these deficiencies. Doc. 29. But St. Joseph's evidence of its purportedly legitimate basis for Chinda's termination is inadmissible hearsay within hearsay. FED. R. EVID. 805.

St. Joseph likewise did not disclose the identity of its records custodian, Jonathan Burket, in discovery. In fact, throughout the discovery period, St. Joseph did not serve Rule 26 disclosures at all, in violation of this Court's Order. *See* Doc. 4; *see also* Fed. R. Civ. P. 37(c)(1). St. Joseph should not be permitted to rely on this witness because it violated its disclosure obligations under the Federal Rules and this Court's Order.

Finally, St. Joseph's proposed Business Records Affidavit does not comply with Fed. R. Civ. P. 803(6). For example, RFP2-077, a spreadsheet containing arguments that Chinda was overpaid after the conclusion of her tenure, was plainly produced in anticipation of litigation, and is not a business record. *See* Doc. 26-1 at p. 79; *see also* Doc. 28 at p. 8.

## II.     ISSUES PRESENTED

1. Should this Court permit St. Joseph to file an "Affidavit of Business Records" where the purported business records contain hearsay within hearsay?

2. Should this Court permit St. Joseph to file an "Affidavit of Business Records" where St. Joseph did not disclose any witnesses, including the affiant, in discovery?

## III.     ARGUMENTS AND AUTHORITIES

### 1.     St. Joseph's Business Records Affidavit Does Not Cure Its Hearsay Within Hearsay.

Chinda moved to strike St. Joseph's summary judgment evidence because it consists of inadmissible hearsay. *See* Doc. 28 at p. 3-7. As argued in greater detail in Chinda's Motion to Strike, St. Joseph's sole stated reason for terminating Chinda – her purported misconduct in the Family Birthing Center – relies on inadmissible hearsay. *Id.* Granting St. Joseph leave to file its belated Affidavit of Business Records does not remedy these defects because St. Joseph's evidence of Chinda's purported misconduct is inadmissible hearsay within hearsay. FED. R. EVID. 805.

Although St. Joseph does not explicitly argue that the business records exception to hearsay applies, even if it did, such argument would fail. *See*, *e.g.*, FED. R. EVID. 803 advisory committee's note ("In a hearsay situation, the declarant is, of course, a witness, and neither this rule nor Rule 804 dispenses with the requirement of firsthand knowledge."); FED. R. EVID. 602 advisory committee's note (witness may not testify "to subject matter of [a] hearsay statement, as he has no personal knowledge of it."); *Elizarraras v. Bank of El Paso*, 631 F.2d 366, 373–74 (5th Cir. 1980) (applying Fed. R. Evid. 602). The statement within these purported business records are hearsay within hearsay, and therefore not admissible.

*See* Fed. R. Evid. 805; Weinstein's Evidence, § 803(5)[01] at 803–162 to 163 (1988). "Evidence of [Tolopka's and Manning's] motive to fabricate such statements creates too great a risk of inaccuracy or untrustworthiness to provide the circumstantial guarantees of trustworthiness contemplated by the hearsay exceptions." *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 280 (5th Cir. 1991).

Here, the challenged records contain hearsay within hearsay—statements by third parties (an unidentified individual named "Lisa," and then Emily Manning) memorialized by others (Lori Tolopka, and then Jonathan Burket)—none of whom are shown to have personal knowledge of Chinda's alleged conduct in the Family Birthing Center. *See* Doc. 26-2 at p. 3; *see also* Doc. 24-2 at 40:7 – 40:18 (former Chief Nursing Officer Ziakas testifying that Manning's e-mail to Tolopka is "not what she witnessed" and instead "what has been told to her"). Such layered hearsay is inadmissible unless each level satisfies an exception, which St. Joseph has not established.

Moreover, the circumstances surrounding the creation of these statements demonstrate a lack of trustworthiness. *See* Doc. 24-2 at 33:24 – 39:13 (Ziakas testifying that investigations placing nurses on administrative leave should be documented and include statements from direct witnesses of the incident); *see also id.* at 34:4 – 34:6 ("Yes. It's supposed to be documented and it's supposed to be filed in HR that they are going on administrative leave."). As argued in greater detail in Chinda's Motion for Summary Judgment, St. Joseph did not investigate or document this matter, contrary to its business records policy articulated by former Chief Nursing Officer Michelle Ziakas. *See* Doc. 24 at pp. 6-8. Ziakas's testimony regarding St. Joseph's standard procedures, and Tolopka's

evident deviation from said procedures, evidences a lack of trustworthiness under Fed. R. Evid. 803(6)(E). Thus, St. Joseph's Motion for Leave does not cure Chinda's hearsay objections, and the evidence should be excluded.

**2.     St. Joseph Did Not Disclose Jonathan Burket in Discovery.**

St. Joseph failed to comply with its disclosure obligations under Federal Rule of Civil Procedure 26 and this Court's mandatory disclosure Order. *See* Doc. 4; *see also* Fed. R. Civ. P. 37(c)(1). St. Joseph did not disclose Jonathan Burket during the discovery period, nor did it disclose that it anticipated relying on an unidentified records custodian at trial. In fact, during the discovery period, St. Joseph did not serve Rule 26 disclosures at all.

Rule 37(c)(1) squarely prohibits this tactic. A party that fails to disclose a witness under Rule 26 "is not allowed to use that witness to supply evidence on a motion" unless the failure was substantially justified or harmless. FED. R. CIV. P. 37(c)(1). St. Joseph has made no such showing. Accordingly, St. Joseph should not be granted leave to file Burket's affidavit.

**3.     The purported Business Records fail to satisfy Rule 803(6).**

Burket's affidavit does not establish that Burket was a records custodian—or otherwise qualified witness—during the period when the relevant records were created in October and November 2024. The Fifth Circuit has emphasized that a proper business records affidavit must demonstrate the affiant's connection to the records at the time of their creation. *Cf. Hager v. Brinker Texas, Inc.*, 102 F.4th 692, 706-07 (5th Cir. 2024) (overruling objection to business records affidavit where the affiant "worked in [the defendant's] human resources department" at the time the purported employment discrimination occurred).

4

Here, it does not establish that Burket was the records custodian in October and November 2024, when these records were created.

Additionally, Burket purports to authenticate documents identified as RFP2-077 as a business record. But this document is plainly a spreadsheet created for purposes of this litigation, and not a record kept in the ordinary course of business:

| Timesheet reconciliation with Gross Payment Details |||||||||
| Date | Hours worked | Hourly Rate | Night Hours | N Total | Payment Due | in | out | Total minus lunch |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 10/16/24 | 12.75 | $60.0000 | 12.75 | 51 | $ 816.00 | 1830 | 745 | 12.75 |
| 10/17/24 | 13.5 | $60.0000 | 13.5 | 54.00 | $ 864.00 | 1830 | 830 | 13.5 |
| 10/19/24 | called in | $60.0000 | | 0 | $ - | 0 | 0 | 0 |
| 10/23/24 | 12.25 | $60.0000 | 12.25 | 49 | $ 784.00 | 1825 | 710 | 12.25 |
| 10/24/24 | 12 | $60.0000 | 12 | 48 | $ 768.00 | 1830 | 700 | 12 |
| 10/26/2024* | 12 | $60.0000 | 12 | 96 | $ 816.00 | 1830 | 700 | 12 |
| | | | 62.5 | | $ 298.00 | $ 4,048.00 | | |

*Weekend night diff- $8 ($4/night, $4/weekend) per contract

| Total Paid Per Check Stubs |||||
| | Hours | Diff | PTO* | Total Gross | Note |
| --- | --- | --- | --- | --- | --- |
| 11/1/24 | 24.75 | 0 | | $ 1,485.00 | |
| 11/4/24 | 36.5 | 0 | | $ 2,190.00 | still owe 1.25 @$60/hr= $75 |
| 11/4/24 | | | 12 | $ 720.00 | overpaid- not due PTO= $720-75= $645 |
| 11/7/24 | 0 | 27.5 | | $ 82.50 | paid at incorrect diff rate/hours due=$298-82.50= $215.50 owed |
| Total Paid | 61.25 | 27.5 | 12 | 4477.5 | |

| | |
| --- | --- |
| Overpaid | $645.00 |
| Owed | $215.50 |
| Amount Due | $429.50 |

Doc. 26-1 at p. 79. St. Joseph has not disclosed who created the spreadsheet, when it was created, or how it was maintained as part of regular business activity. *See* Doc. 28 at p. 8. Because the spreadsheet was prepared in anticipation of litigation, it does not qualify as a business record under Rule 803(6). *See Brauninger v. Motes*, 260 Fed.Appx. 634, 637 (5th Cir. 2007); *Palmer v. Hoffman*, 318 U.S. 109, 114 (1943).

IV.     CONCLUSION

For the foregoing reasons, Chinda respectfully requests that this Court deny St. Joseph's Motion to Leave to File Business Records Affidavit.

5

Date: December 29, 2025.	Respectfully submitted,

                        By: */s/ Carl A. Fitz*
                            **Carl A. Fitz**
                            Tex. Bar No. 24105863
                        **FITZ LAW PLLC**
                        3730 Kirby Drive, Ste. 1200
                        Houston, Texas 77098
                        (713) 766-4000
                        carl@fitz.legal

                        **ATTORNEY FOR CHINDA**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

                        */s/ Carl A. Fitz*
                        **Carl A. Fitz**