**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IMANI CHINDA,

v.

HSA ST. JOSEPH LLC.

Case No. 4:24-cv-5106

**PROPOSED JOINT PRETRIAL ORDER**

1.      **Appearance of Counsel**. List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

   a.        **Plaintiff's Counsel's Contact Information**:

   **FITZ LAW PLLC**

   Carl A. Fitz
   Texas Bar No. 24105863
   3730 Kirby Drive, Ste. 1200
   Houston, Texas 77098
   Tel: (713) 766-4000
   carl@fitz.legal

   AND

   **THE BUENKER LAW FIRM**

   Josef F. Buenker
   TBA No. 03316860
   P.O. Box 10099
   Houston, Texas 77206
   713-868-3388 Telephone
   713-683-9940 Facsimile
   jbuenker@buenkerlaw.com

**Proposed Joint Pretrial Order** - Page 1

b.      **Defendant's Counsel's Contact Information**

**M. ALI ZAKARIA & ASSOCIATES, PC**

Mohammed Ali Zakaria
TBN: 22243410
Ali@Zakarialaw.com
(713) 789-7500
6161 Savoy Drive, Suite 1000
Houston, Texas 77036
Tel: (713) 789-7500

2.   **Statement of the Case.**

On October 2024,HSA St. Joseph did not timely pay its nurses, including Plaintiff Imani Chinda.  Imani Chinda, a St. Joseph nurse, complained about HSA St. Joseph's failure to pay minimum wage. Ms. Chinda was terminated on November 2024. Ms. Chinda's alleges that St. Joseph terminated her because she complained about St. Joseph's failure to pay minimum wage in violation of the Fair Labor Standards Act.

3.   **Contentions of the Parties.** Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

a.      **Plaintiff's Contention:**

Chinda began working as a Registered Nurse at St. Joseph Medical Center in downtown Houston, Texas on February 21, 2023. Chinda was guaranteed $60 per hour, and worked as a travel nurse in St. Joseph's family birthing unit. In September 2024, HSA St. Joseph purchased the St. Joseph Medical Center. In late October 2024, St. Joseph failed to make payroll for its nurses, including Ms. Chinda. On November 2, 2024, Ms. Chinda complained about St. Joseph's failure to pay her minimum wage. St. Joseph's Human Resources, Chief Nursing Officer, and Chief Financial Officer were aware of Ms. Chinda's complaints.  St. Joseph terminated Ms. Chinda because of her complaint about St. Joseph's failure to pay minimum wage in violation of the Fair Labor Standards Act's anti retaliation provisions.

b.      **Defendant's Contention:**

Chinda worked as a travel nurse in St. Joseph hospital's family birthing unit beginning 2023 when it was owned and managed by Steward Health Care System, LLC. In September 2024, HSA St. Joseph purchased the St. Joseph Medical Center from Steward Health Care System, LLC through bankruptcy court proceedings.  HSA St. Joseph took over the operations and management of the Hospital on or about October 13, 2024 . In late October 2024, St. Joseph's payroll system failed to make appropriate payroll calculations or payments for its nurses, including Ms. Chinda. This error was corrected within days. Ms. Chinda was not offered to

work for HSA St. Joseph as a full time nurse because she engaged in disruptive behavior at the hospital.  Defendant also alleges that (i) Defendant's late payment to Chinda does not constitute a violation of the Fair Labor Standard Act, (ii) Defendant did not offer a permanent position to Chinda due to her disruptive behavior, and (iii) HSA St. Jospeh  is entitled to attorney's fees in this matter if it prevails.

4.    **Jurisdiction.** Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 215.

5.    **Motions.** The following motions are pending: Plaintiff's Motion for Summary Judgment (Doc. 24); Plaintiff's Motion to Strike St. Joseph's Summary Judgment Evidence (Doc. 28); Plaintiff's Motion for Leave to File Substitute Declaration (Doc. 29); and Defendant's Motion for Leave to File Supplemental Exhibits and Response to Plaintiff's Motion to Strike (Doc. 30).

6.    **Admissions of Fact**.

a.    Imani Chinda began working for St. Joseph Medical Center on February 21, 2023.

b.    Imani Chinda's contract guaranteed $60 per hour.

c.    Imani Chinda's contract guaranteed 72 hours of work biweekly.

d.    HSA St. Joseph LLC continued  Ms. Chinda's services  from October 13, 2024 as a travel nurse but did not offer her a permanent full time position at  the conclusion of Ms. Chinda's employment.

e.    On October 31, 2024, HSA St. Joseph LLC failed to pay Ms. Chinda's minimum wage for two workweeks due to a payroll system error which was corrected within days.

f.    During Chinda's employment, Defendant HSA St. Joseph LLC was a covered enterprise under the FLSA, with over $500,000 in annual gross revenues and two or more employees handling goods that have been moved in interstate commerce.

g.    HSA St. Joseph LLC employed Chinda under the FLSA.

h.    HSA St. Joseph did pay Chinda her October 2024 unpaid minimum wages during November 2024.

7.    **Contested Issues of Fact.**

The following issues are contested by the parties:

(1)    Whether HSA St. Joseph violated FLSA by failing to timely pay wages to Chinda.

(2)    Whether HSA St. Jospeh acted in good faith and had reasonable grounds for believing that its actions were in compliance with FLSA.

(3)    Whether Chinda engaged in activity protected by the FLSA.

(4)    Whether Chinda's employment would have been terminated but for her engaging in protected activity.

(5)    Whether Chinda suffered damages other than lost wages as a result of Defendant's conduct that are covered by FLSA.

(6)    Whether HSA St. Joseph failed to pay Chinda her minimum wages.

(7)    Whether Ms. Chinda's conduct in the Family Birthing Center on November 1, 2024 constituted disruptive behavior.

(8)    Whether Chinda's employment was terminated.

(9)    HSA St. Joseph LLC adopted Ms. Chinda's contract on October 13, 2024.

(10)    Whether St. Joseph is entitled to attorney's fees as a Prevailing Party.

8.    **Agreed Applicable Propositions of Law.**

(1)    An employer is required to pay minimum wages to its employees.

(2)    An employer is required to pay its employees on their regular payday.

(3)    A "complaint" under the FLSA can be verbal and informal and does not require a written or formal complaint in order to be protected activity under the FLSA. The complaint does not need to directly refer to the Act but must concern potential illegality and be adverse to the employer.

(4)    "Abstract grumblings" and "vague expressions of discontent" are insufficient to constitute a complaint under the FLSA.

(5)    In order to succeed with her claim, Chinda has to prove that, but for her engaging in protected conduct, St. Joseph would not have terminated her employment.

(6)    If St. Joseph shows a legitimate, non-retaliatory reason for firing Chinda, Chinda must rebut St. Joseph's offered reason for the termination as pretextual.

(7)    If Chinda recovers damages from Defendant, she is entitled to recover reasonable attorneys' fees and costs from Defendant.

(8) If Chinda recovers damages from Defendant, she is entitled to recover liquidated damages, provided that if failure to timely pay wages was inadvertent and not willful, or if the employer acted in Good Faith and had reasonable ground to believe that its action did not violate FLSA,  then the Court has discretion to deny an award on liquidated damages.

9.    **Contested Issues of Law.**

(1) If Chinda recovers damages from Defendant, she is entitled to recover liquidated damages from Defendant, provided that if failure to timely pay wages was inadvertent and not willful, then the Court has discretion to deny an award for Chinda's liquidated damages for her FLSA retaliation claim. *Steele v. Leasing Enters.*, 826 F.3d 237 (5th Cir. 2016).

(2) If Chinda failed to notify or deliberately prevent HSA St. Joseph from acquiring knowledge of her hours then HSA St. Joseph's failure to timely pay is not a violation of FLSA's requirement to timely pay minimum wages.  *Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995).

(3) Whether attorney's fees are recoverable by a prevailing Defendant in a Fair Labor Standards Act retaliation case.

10.    **Witnesses.** Plaintiff and Defendant are filing their respective witness lists

11.    **Exhibits.** Plaintiff and Defendant are filing their respective exhibit lists.

12.    **Trial.** State probable length of trial and logistical problems, including availability of witnesses, out-of- state people, bulky exhibits, and demonstrations.

The parties expect the trial to last 2 to 3 days.

Jaime Malveaux and Lori Tolopka are out of state, and Defendant facilitated their appearance for Zoom deposition during discovery. Asim Ghafoor is currently incarcerated out of state. The parties agree to use their deposition testimony of these individuals at trial.

13.    **Additional Required Attachments.** Each Pretrial Order should also include the following additional attachments (*See also* Section IX):

a.    For jury trials include:

**Proposed Joint Pretrial Order**  - Page 5

(1)     Proposed questions for voir dire examination.

(2)     Proposed jury charge, including instructions, definitions and special interrogatories with authority.

Date: _____

_____
George C. Hanks, Jr.
United States District Judge

**APPROVED:**

**/s/** Carl A. Fitz                           April 3, 2026
Attorney-in-Charge, Plaintiff              Date

/s/ Ali Zakaria                            April 3, 2026
Attorney-in-Charge, Defendant              Date

**Proposed Joint Pretrial Order**  - Page 6