United States District Court
Southern District of Texas

**ENTERED**
June 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMANI CHINDA, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-05106 |
| | § | |
| HSA ST. JOSEPH LLC, | § | |
|     Defendant. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment (Dkt. 24). Having carefully considered the briefing, the record, and the applicable law, the Court **DENIES** the motion (Dkt. 24).

The Court finds that genuine issues of material fact exist as to Plaintiff's claim under the Fair Labor Standards Act—including, but not limited to, whether Defendant had a legitimate, nondiscriminatory reason for the adverse employment action. *See Starnes v. Wallace*, 849 F.3d 627, 631 (5th Cir. 2017) ("As with most federal employment statutes that require a showing of improper motive for which direct evidence is usually lacking, courts evaluate FLSA retaliation claims relying on circumstantial evidence under the evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)."); *see also Burns v. Blackhawk Mgmt. Corp.*, 494 F. Supp. 2d 427, 433 (S.D. Miss. 2007) ("[T]he Fifth Circuit has recognized that while an employee has the right to oppose an employer's unlawful employment practices, not all opposition activity is protected, and that some conduct, even if in sincere opposition to unlawful

employment practices, may be so disruptive or inappropriate as to fall outside the protections of the act, be it Title VII or the FLSA.") (cleaned up). Accordingly, the Court holds that the movants are not entitled to judgment as a matter of law, and Plaintiff's Motion (Dkt. 24) is **DENIED** without prejudice to being reasserted at trial as a motion for judgment as a matter of law. FED. R. CIV. P. 56.

Any objections to the summary judgment evidence are **OVERRULED** without prejudice to being reasserted at trial. *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) ("Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible ..., the material may be presented in a form that would not, in itself, be admissible at trial.").

SIGNED at Houston, Texas on June 11, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE